**STATE of Iowa, Appellee,**

v.

**Anthony A. BROWNE, Appellant.**

**No. 91–1129.**

Supreme Court of Iowa.

Dec. 23, 1992.

Kent A. Simmons, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and William E. Davis, County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Defendant, Anthony A. Browne, appeals from his conviction of willful injury in violation of Iowa Code section 708.4 (1991) and criminal gang participation in violation of Iowa Code section 723A.2 (1991). He asserts that the district court erred in denying his motion for judgment of acquittal with respect to both charges. He also contends that his trial should have been severed from that of a codefendant and that his trial counsel was ineffective. After considering the arguments presented, we affirm defendant's convictions on both counts.

On March 28, 1991, several persons, whom Davenport police believed to be members of a street gang known as the Black Gangster Disciples, became involved in an altercation with Dewey Lamp, a person associated with a rival gang. Lamp threw a bicycle against the side of the house where the Black Gangster Disciples had congregated.

Following this altercation, several of the Black Gangster Disciples, including the defendant and one Buddy Black went to Lamp's home. Upon arriving at the Lamp home, Buddy Black, who was armed with a handgun, approached a window. When a figure came into view, some member of the gang yelled "cap the bitch." Black then fired his gun. The bullet struck Dewey Lamp's mother, puncturing her lung.

Defendant and a codefendant, Brandon Taylor, were tried jointly on charges of aiding and abetting attempted murder and willful injury, and for criminal gang participation. Taylor was acquitted on all charges. Defendant was acquitted of attempted murder but convicted of willful injury and criminal gang participation.

During the trial, testimony was received indicating that, within the parlance of the gang, the phrase "cap the bitch" meant "shoot the woman in the window." A witness present at the scene of the shooting testified that he recognized defendant's voice utter those words. Another witness testified that prior to going to the Lamp residence, Black had announced to the other gang members, including defendant, that he intended to shoot Dewey Lamp.

At the close of the State's evidence, defendant's counsel moved for a judgment of acquittal on all counts. The district court denied the motion. We separately consider defendant's arguments on appeal. Other facts that bear upon the issues will be considered in connection with our discussion of the legal issues presented.

### I. Sufficiency of Evidence on the Willful Injury Conviction.

■ The willful injury charge against defendant was premised on the theory that he aided and abetted Black in shooting Dewey Lamp's mother. Defendant contends that the evidence was insufficient to permit a finding that he actively participated in or encouraged that act. In deciding this issue, we will apply the standard for aiding and abetting, which was approved in *State v. Lott*, 255 N.W.2d 105 (Iowa 1977). In that case, we declared that to be convicted of aiding and abetting there must be evidence that the defendant "assent[ed] to or lent countenance and approval to the criminal act either by active participation in it or by some manner encouraging it prior to or at the time of its commission." *Id.* at 107.

We believe that the State's evidence in the present case was sufficient for a jury to find that defendant aided and abetted Black under the standard approved in *Lott*. Once Black had announced his intention to shoot Dewey Lamp, it may fairly be inferred that the actions of those gang members accompanying him to the Lamp residence were actions encouraging the intended criminal act. The fact that the ultimate victim turned out to be Lamp's mother does not diminish the culpability that flows from this group activity. The evidence was sufficient to support the verdict of the jury.

### II. Sufficiency of Evidence on the Charge of Criminal Gang Participation.

■ Defendant also asserts that the evidence was insufficient to establish guilt of the charge of criminal gang participation. That crime is defined as follows:

A person who actively participates in or is a member of a criminal street gang and who willfully aids and abets any criminal act committed for the benefit of, at the direction of, or in association with any criminal street gang, commits a class "D" felony.

Iowa Code § 723A.2 (1991). For purposes of applying this statute, a "criminal street gang" is defined as

any ongoing organization, association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more criminal acts, which has an identifiable name or identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.

Iowa Code § 723A.1(2). A "pattern of criminal gang activity" is defined as

the commission, attempt to commit, conspiring to commit, or solicitation of two or more criminal acts, provided the criminal acts were committed on separate dates or by two or more persons who are members of, or belong to, the same criminal street gang.

Iowa Code § 723A.1(3).

In seeking reversal, defendant urges that the district court erred in permitting the jury to consider the substantive crime with which defendant was charged, *i.e.*, willful injury, in its determination of whether the group with which he was associated comprised a "criminal street gang." He urges that the statute requires proof that the defendant was active in a criminal street gang and participated in a criminal act for the gang. To establish this, defendant argues, the State must prove a pattern of criminal activity separate from the substantive crime charged.

We believe defendant's argument fails because the district court did not permit

the jury to determine the existence of a criminal street gang by reference to the substantive willful injury offense. The court's instructions required the State to establish the existence of a criminal street gang by showing two additional crimes. Those crimes were going armed with intent and terrorism.

We believe that the evidence was sufficient to permit the jury to find that defendant and his associates, acting in concert, were guilty of going armed with intent and terrorism. Under the definition in section 723A.1(3), it is not necessary that those offenses be committed on separate dates if two or more gang members were involved in the commission thereof. It is not necessary to decide whether both of the offenses utilized by the State to establish a pattern of criminal gang activity had to precede the commission of the willful injury offense or whether those offenses could be committed simultaneously with the willful injury.[1] In the present case, the offense of going armed with intent clearly preceded the willful injury offense. In addition, we are convinced that the act of terrorism also preceded the substantive crime charged. The State's theory of "terrorism" was predicated on Black's act of shooting into a building. That act preceded the injury sustained by the victim upon the impact of the bullet. The evidence sustains the jury's verdict.

III. *Defendant's Motion to Sever.*

■ The next error assigned by defendant is the district court's refusal to sever his trial from that of his codefendant, Brandon Taylor. Defendant's motion to sever was made during the trial. It was prompted by the State offering evidence of an audiotape of a statement that Brandon Taylor had made to police. The trial court gave the jury a cautionary instruction that the contents of the tape should only be considered in the State's case against Taylor and not as to the case against defendant.

Defendant argues that he was prejudiced from the admission of this tape of Taylor's statement because it placed him at the shooting scene, indicated that he knew Black had a gun, and supported the State's theory that Taylor was a member of the Black Gangster Disciples.

In seeking reversal, defendant likens his situation to that which was presented in *State v. Belieu,* 288 N.W.2d 895 (Iowa 1980). The prejudice relied on for reversal in *Belieu* was testimony of the codefendant showing other crimes committed by the defendant seeking a severance. We found in that case that the evidence of other crimes would not have been admissible if defendant were being tried alone.

We do not find the same level of prejudice to exist in the present case as was present in *Belieu.* Defendant does not seriously dispute that he was present when the shooting occurred. As to defendant's knowledge that Buddy Black had a gun and his intent to shoot Dewey Lamp, the information on the tape was cumulative of other evidence presented. Any evidence on the tape concerning membership in the Black Gangster Disciples had reference only to Taylor and did not implicate defendant in gang membership.

Given the nature of the information on the tape, we think any prejudice to defendant was capable of being cured by the court's cautionary instruction to the jury. We find no abuse of discretion in denying the motion to sever.

IV. *Defendant's Ineffective–Assistance-of–Counsel Claim.*

As a final matter, we consider defendant's claim that his trial counsel was ineffective. This argument is predicated upon defense counsel's failure to object to misstatements of fact made in the prosecutor's closing argument or to correct those misstatements during defendant's own closing argument. At issue is how certain witnesses testified concerning defendant's presence at the scene of the shooting. Although it appears that the prosecutor may have misstated the testimony of at least one witness, this inaccuracy was not of a

---

1. Some indication that these offenses can be committed simultaneously is found in the "engaged in or have engaged in" language contained in § 723A.1(2).

magnitude calculated to work substantial prejudice to defendant. We are unable to conclude that defendant has shown either a substantial breach of duty or the requisite prejudice in his counsel's failure to more diligently pursue this issue.

We have considered all issues presented and find no basis for reversing defendant's convictions. The judgment of the district court is affirmed.

AFFIRMED.