John David GINSBERG, Appellee,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE DIVI-
SION, Appellant.

No. 93–22.

Supreme Court of Iowa.

Nov. 24, 1993.

Bonnie J. Campbell, Atty. Gen., and Stephen E. Reno, Asst. Atty. Gen., for appellant.

Dean Stowers, Rosenberg Law Firm, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

PER CURIAM.

The department of transportation appeals from a district court decision overturning the agency's decision to revoke John D. Ginsberg's license. We affirm.

When Ginsberg was arrested for operating while intoxicated, the arresting officers requested that he submit to a breath test at the police station. After telephoning his attorney, he said that he wanted to take a blood or urine test.

The officers asked if he was refusing to take the breath test. Ginsberg said that he was not refusing to take the breath test but that he wanted his blood or urine tested as well. The officers treated this as a refusal. The peace officers did not explain that on the completion of the requested test, Ginsberg would be allowed to exercise his right to independent testing. *See* Iowa Code § 321J.11 (1991).

Ginsberg contested the department of transportation's subsequent revocation of his license for test refusal pursuant to Iowa Code section 321J.9 (1991). After a hearing, the administrative law judge sustained the revocation. The reviewing officer affirmed.

Ginsberg sought judicial review. The district court overturned the agency action, concluding that Ginsberg was asserting his right to an independent chemical test. The court found no substantial evidence of refusal since at all times Ginsberg consented to the breath test.

■ The principles that govern our review are well established. We are bound by an agency's findings of fact if those findings are supported by substantial evidence; we are not bound by an agency's legal conclusions and may correct misapplications of the law. *Sallis v. Employment Appeal Bd.*, 437 N.W.2d 895, 896 (Iowa 1989).

The implied consent procedure of the Iowa Code states that after an arrest for driving while intoxicated, the police shall determine which substance to test for alcohol: breath, blood, or urine. Iowa Code § 321J.6(2) (1991). The police had decided to test Ginsberg's breath.

■ Whether Ginsberg's conduct constituted refusal pursuant to Iowa Code section 321J.6(2) is a legal question. The statements and conduct of the arrestee and police officer, as well as the surrounding circumstances, are considered in determining if a chemical test has been refused. *Ferguson v. Iowa Dep't of Transp.*, 424 N.W.2d 464, 466 (Iowa 1988). The record contains no evidence that Ginsberg was uncooperative or abusive, only that he requested a blood or urine test.

■ Iowa Code section 321J.11 states a "person may have an independent test or tests administered at the person's own expense in addition to any administered at the direction of the peace officer." When Ginsberg requested that his blood or urine be tested in addition to his breath, the peace officer should have explained that, after the requested breath test had been completed, Ginsberg would be able to have other substances tested.

■ We reaffirm that "anything less than unqualified, unequivocal consent is a refusal." *Ferguson*, 424 N.W.2d at 466. An arrestee cannot demand that the independent tests be performed before the test requested by the peace officer or that the State pay for the additional tests. *See* Iowa Code § 321J.11. We conclude, however, as did the district court, that Ginsberg was attempting to assert his right to independent testing and did not refuse the test requested by the police.

**AFFIRMED.**