STATE of Iowa, Plaintiff–Appellee,

v.

Elijah HAYES, Defendant–Appellant.

No. 94–0020.

Court of Appeals of Iowa.

Feb. 28, 1995.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Lawrence H. Schultz, County Atty., and Bruce A. Ingham, Asst. County Atty., for appellee.

Heard by DONIELSON, C.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Elijah Hayes appeals from his conviction and sentencing for second-degree kidnapping and criminal gang participation. We affirm.

Amos Ellis testified that on the night of August 4, 1993, he was accosted in his home by a group of men who were allegedly members of the Black Gangster Disciples. Among the group were the defendant, Elijah Hayes, the defendant's brother, Teddy Harris, and a man named Trent. One of the men pointed a pistol to Ellis's head and forced him to enter their car. Ellis testified he was forced to hand over his keys to someone, after which several of the men got into his car, including Hayes and Harris. The two cars then proceeded to an establishment called Fontane's, in Clinton. Fontane's was known to police as a gang-related facility.

At the bar, Ellis was told he was brought to Fontane's to meet with the governor of the Black Gangster Disciples. At gunpoint, Trent told Ellis that he owed $1500 in dues to the gang for failing to attend the meetings. Hayes was in the room at the time of this confrontation. Ellis stated he might be able to get the money from a friend, so the group took Ellis at gunpoint to his friend's home. However, no one was home, and the gang, including Hayes, took Ellis to Eagle Point Park. Ellis tried to escape, was apprehended, and beaten by the other members of the gang. He was then thrown into the trunk of a car and driven to a house in Clinton. The gang told Ellis they wanted their money. Ellis was again beaten. Ellis testified at trial that Hayes held a brick in his hand but did not strike him with it. Ellis was forced to sign over the title of his car to Hayes's brother, Teddy Harris. Ellis managed to escape. He came upon a car driven by Johnace Jackson, who drove him to a minister's home, at which time the police were summoned.

On August 5, 1993, Lieutenant Terry Glandon of the Scott County sheriff's office received a radio dispatch that a car matching the description of the allegedly stolen Ellis car was cited on Highway 61 traveling in the direction of Milan, Illinois. The car was allegedly being driven by a group of Afro-American males. Glandon positioned himself on Highway 61 and received a call that Officer Carsten of the Eldridge police department was following the suspect vehicle. The vehicle was subsequently pulled over. Another car driving ahead of the suspect vehicle also stopped. Hayes and his girlfriend exited the lead vehicle and told the officers that his brother was in the suspect vehicle. Hayes was ordered back into his car, and the officers approached Harris. The title to Ellis's vehicle was found in the seat next to Harris. Harris told the officers that Ellis had signed over the title to the car in payment for damage Ellis inflicted on his car windows. Harris was arrested immediately; Hayes was arrested the following day.

A search warrant was issued for a mobile home occupied by Hayes's girlfriend. Seized in the search were several pictures showing Hayes and Harris displaying gang symbols or signs. Hayes was ultimately charged by trial information with second-degree kidnapping and criminal gang participation.

At trial, Ellis testified he moved to Clinton from Chicago in 1985 to avoid participation in gang-related activity. Ellis stated that Trent, the leader of the gang, asked him numerous times to join the group. He further stated the abduction was based on the fact he had not paid for damages he inflicted on Harris's vehicle. Hayes testified Ellis did not sign the transfer of the title over to his brother. Hayes concluded that Ellis gave his car to Harris in payment for the debt owed on the car repairs. Hayes testified he was not a member of any gang.

The jury found Hayes guilty as charged. The district court sentenced Hayes to consecutive terms of imprisonment not to exceed twenty-five years on the kidnapping charge and five years on the gang participation charge. Because a firearm was used, the judge invoked the mandatory minimum provisions of section 902.7.

Hayes appeals.

I. *Sufficiency of the evidence.* Hayes contends the evidence was insufficient to prove him guilty of both second-degree kidnapping and criminal gang participation. Review of this issue is for errors at law.

Iowa R.App.P. 4. The standard of review in challenging the sufficiency of the evidence is well established. *State v. Lampman,* 342 N.W.2d 77, 81 (Iowa App.1982). We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, including legitimate inferences and presumptions that fairly and reasonably may be deduced from the evidence in the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984); *State v. Hall,* 371 N.W.2d 187, 188 (Iowa App.1985). Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." *State v. Hamilton,* 309 N.W.2d 471, 479 (Iowa 1981). It is necessary to consider all the evidence in the record, and not just the evidence supporting the verdict, to determine whether there is substantial evidence to support the charge. *Bass,* 349 N.W.2d at 500; *Hall,* 371 N.W.2d at 188. Substantial evidence means evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984); *Hall,* 371 N.W.2d at 188.

The second-degree kidnapping charge was submitted to the jury as a kidnapping for ransom. The kidnapping marshalling instruction required the jury to find the defendant had: (1) confined or forcibly removed the victim from place to place; (2) done so with specific intent to hold the victim for ransom; (3) done so without the victim's consent; and (4) done so while armed with a dangerous weapon. The jury was further instructed that kidnapping for ransom can occur even if the victim is released without payment.

Evidence was presented which showed the victim was forcibly removed from his residence, and moved between a tavern, a house of a friend of the victim's, Eagle Point Park, and a house in Clinton. Testimony was given that during the entire incident, either money or title to his car was being demanded. When the ransom was continually not provided, the victim received a beating by his abductors. All of this was done without the victim's consent, and testimony was provided that firearms were present during the entire incident.

It is of no consequence, as the instructions to the jury provided, whether the abductors received their demanded ransom. It was enough that it was shown ransom was continually demanded throughout the incident as only a showing of intent or purpose to hold a victim for ransom is required. *See* Iowa Code § 710.1(1), (3) (1993).

Evidence was also presented regarding Hayes's participation in the incident. Testimony was given that Hayes was one of the kidnappers who moved the victim from place to place and was involved in the threatening and beating of the victim. This evidence, along with the other evidence provided, is sufficient, particularly in light of the aiding and abetting instruction, to find Hayes guilty of second-degree kidnapping.

The criminal gang participation marshalling instruction required the jury to find: (1) Hayes actively participated in or was a member of a criminal street gang at the time of the incident; (2) Hayes willfully aided and abetted a criminal act (kidnapping in the second degree); and (3) the criminal act was for the benefit or was at the direction of or in association with a criminal street gang. The jury was further instructed that:

The term "criminal street gang" means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more criminal acts, which has an identifiable name or identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.

A pattern of criminal gang activity means the commission, attempt to commit, conspiring to commit, or solicitation of two or more criminal acts, provided the criminal acts were committed on separate dates or by two or more persons who are mem-

bers of or belong to the same criminal street gang.

Our supreme court has stated it is not necessary, in establishing a pattern of criminal gang activity, that the two or more criminal acts be committed on separate dates if two or more gang members were involved in the commission thereof. *State v. Browne*, 494 N.W.2d 241, 244 (Iowa 1992). It is also not necessary to determine if the two criminal acts preceded the kidnapping or were committed simultaneously with the kidnapping, rather the criminal acts may be committed simultaneously with the kidnapping. *See id.*

█ The two additional crimes which establish a pattern of criminal gang activity were extortion and going armed with intent. The jury was instructed on both of these offenses. We find the evidence presented was sufficient to support a finding of a pattern of criminal gang activity in this case. The identifiable name in this case was the Black Gangster Disciples. Specifically, the evidence showed a subset of the Black Gangster Disciples was involved in this case called the Maniac Gangster Disciples. More than three people were shown to be involved with the Maniac Gangster Disciples, and expert testimony was provided which proved one of their primary activities was shown to be the commission of criminal activities. Expert testimony on the primary purpose of gang activity being to commit crimes is sufficient proof of that issue. *State v. Lewis*, 514 N.W.2d 63, 68 (Iowa 1994). More than sufficient evidence was provided to show the existence of a criminal street gang in this case.

█ Evidence was provided to show, when viewed in the light most favorable to the State, Hayes was a member of the criminal street gang. This evidence included a letter which bore some gang symbols, three tattoos on Hayes's body, photographs depicting mannerisms and gestures which reflect gang activity, and an admission made by Hayes to a police officer a couple of months prior to the kidnapping incident that he was a gang member. As was previously discussed, there is sufficient evidence to support a finding Hayes aided and abetted in the act of second-degree kidnapping. Further, ample evidence was provided which could sup-

port a finding the kidnapping for ransom was committed for the benefit of the Maniac Gangster Disciples or was committed in association with the Maniac Gangster Disciples.

Viewing the evidence in the light most favorable to the State, we find sufficient evidence to support both the second-degree kidnapping conviction and the criminal gang participation conviction.

█ II. *Scope of the minutes of evidence.* Hayes contends the district court abused its discretion in overruling defense counsel's objection to Officer Terry Glandon's testimony as beyond the scope of the minutes of evidence. Review of this issue is for abuse of discretion. *State v. Mehner*, 480 N.W.2d 872, 877–78 (Iowa 1992). In order to show an abuse of discretion, one generally must show that the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)).

█ Glandon testified to, among other things, the principle criminal activities of the Black Gangster Disciples, gang mannerisms displayed by Hayes in photographs, and gang signs drawn in the letter from Hayes to his girlfriend. While this testimony may exceed the minutes of evidence, we find Hayes suffered no reversible prejudice as a result of the admission of this testimony since Officer Ron Heeren gave essentially the same testimony. *See State v. Freeman*, 297 N.W.2d 363, 367 (Iowa 1980).

The State also contends Hayes failed to preserve error on this issue since Hayes failed to move for a continuance. *See State v. Epps*, 313 N.W.2d 553, 557–58 (Iowa 1981). We find, however, the State's reliance on *Epps* for this proposition is misplaced. In 1981, when *Epps* was decided, the Iowa Rules of Criminal Procedure seemed to have required the defendant to move for a continuance, otherwise the testimony would be allowed as if the testimony were encompassed in the minutes of evidence. Iowa R.Crim.P.

18(4), (5) (1981).[1] As the rules now stand, the defendant is not required to make such a motion. Iowa R.Crim.P. 18(2), (3) (1994).[2] Thus, we do not believe the rule set out in *Epps* is any longer applicable under the Iowa Rules of Criminal Procedure as they now stand.

### III. *Ineffective assistance of trial counsel.*

Hayes has a number of claims of ineffective assistance of counsel. When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State,* 234 N.W.2d 649, 658 (Iowa 1975). This is equivalent to de novo review. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980).

Ordinarily, ineffective assistance claims are not decided on direct appeal. *State v. Poyner,* 306 N.W.2d 716, 719 (Iowa 1981). Such claims may be decided on direct appeal if the record is sufficient. *Id.* For a claim of ineffective assistance to be preserved for postconviction proceedings, the reviewing court must be given enough information in the direct appeal to make an initial assessment of the claim. *State v. White,* 337 N.W.2d 517, 519 (Iowa 1983). "Defendant bears the burden of proving by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted." *State v. Risdal,* 404 N.W.2d 130, 131–32 (Iowa 1987).

In proving the first prong of this test, appellant must overcome the strong presumption counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency. *State v. Hildebrant,* 405 N.W.2d 839, 841 (Iowa 1987). To prove the second prong of this test appellant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). With these principles in mind we now turn to Hayes's specific claims.

Hayes first urges his trial counsel was ineffective for failing to seek a jury instruction proposed by the district court regarding confinement or removal for kidnapping. We determine this claim to be preserved for possible postconviction proceedings to allow the alleged ineffective counsel to respond to the claim. *See State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978).

Hayes also claims trial counsel was ineffective for failing to investigate and obtain the title to the victim's car for trial. Hayes contends, as a result of his counsel's ineffectiveness, he was possibly deprived of corroborating evidence of his claimed defense. Although we do not believe Hayes could be prejudiced by this alleged ineffectiveness, we preserve this claim for possible postconviction proceedings for the same reason as stated in the previous paragraph.

We determine the remainder of Hayes's claims of ineffective assistance of trial counsel are without merit and will not be preserved. Hayes alleged ineffective assistance for failure to object to the admission of a newspaper article which was used to support a finding of criminal street gang affiliation. We find Hayes suffered no prejudice as there was ample evidence otherwise

1. Iowa Rule of Criminal Procedure 18(5) (1981) provides in pertinent part:

 [I]f the court sustains said motion (by the prosecution for leave to introduce such testimony), the defendant shall elect whether said cause shall be continued on his or her motion, or the witness shall then testify. If said defendant shall not elect to have said cause continued, the prosecuting attorney may examine said witness in the same manner and with the same effect as though ten days' notice had been given defendant or the defendant's attorney....

2. Iowa Rule of Criminal Procedure 18(3) (1994) provides in pertinent part:

 If the prosecuting attorney does not give notice to the defendant of all prosecution witnesses (except rebuttal witnesses) at least ten days before trial, the court may order the state to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances....

supporting his gang affiliation. Hayes's remaining claims are stated in far too general a form for this court to consider the viability of such claims on direct appeal. Consequently, they must be found to be without merit and not preserved for postconviction proceedings. *State v. Wagner*, 410 N.W.2d 207, 215 (Iowa 1987); *White*, 337 N.W.2d at 519.

 IV. *Sentencing.* Hayes contends the district court incorrectly imposed the mandatory minimum sentence of five years pursuant to Iowa Code section 902.7 (1993) for use of a firearm. Our review is for the correction of errors at law. *State v. Beaver*, 429 N.W.2d 778 (Iowa App.1988); Iowa R.App.P. 4.

 Hayes was convicted of second-degree kidnapping. It does not matter, for purposes of imposing section 902.7, whether Hayes was convicted as a principal or an aider and abettor. Aiders and abettors are charged, tried, and punished as principals. Iowa Code § 703.1 (1993). To be found guilty as a principal or an aider and abettor of second-degree kidnapping, the jury had to have found a dangerous weapon was used in the commission of the crime. Evidence was given that guns were used in this crime. Mandatory minimums for the control or display of a firearm during a forcible felony are applied to principals and aiders and abettors, regardless of who was actually holding or displaying the firearm. *See State v. Sanders*, 280 N.W.2d 375, 377–78 (Iowa 1979). We find the district court did not abuse its discretion applying the mandatory minimum sentence of five years under section 901.10.

**AFFIRMED.**