# IN THE COURT OF APPEALS OF IOWA

No. 13-0915
Filed March 26, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORGE MICHAEL DE HOYOS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt (motion to suppress), Judge, and Annette L. Boehlje (trial), District Associate Judge.

Jorge De Hoyos appeals his conviction for operating while intoxicated. **AFFIRMED.**

Colin C. Murphy, Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Anthony Garcia, Student Legal Intern, and Carlyde D. Dalen, County Attorney, for appellee.

Considered by Vogel, P.J., and Tabor, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VOGEL, P.J.**

Jorge De Hoyos appeals his conviction for operating while intoxicated. De Hoyos claims the district court erred in denying his motion to suppress the results of the Datamaster DMT test because the police officer did not honor De Hoyos's request for an independent blood test, in violation of Iowa Code section 321J.11 (2011). Because we conclude De Hoyos failed to actually demand an independent test, we affirm.

On April 7, 2012, Iowa State Trooper Nathan Sneider stopped De Hoyos because of De Hoyos's failure to obey a traffic signal. Trooper Sneider observed the odor of alcohol emanating from the vehicle, as well as De Hoyos's bloodshot, watery eyes and slurred speech. De Hoyos informed Trooper Sneider that he had consumed two beers earlier.

De Hoyos consented to performing field sobriety tests. The first test was a horizontal gaze nystagmus, during which De Hoyos showed six cues of intoxication as well as a lack of smooth pursuit in the eyes. Before the commencement of the walk-and-turn test, De Hoyos told Trooper Sneider he would "rather take a blood test, than do this test." He stated he had worked out the night before and was still sore. While in the instructional stance, De Hoyos informed Trooper Sneider he had a cramp in his left calf. After stretching, De Hoyos performed the test, showing an inability to maintain balance. The third test was a one-leg stand, which was ended early for safety concerns because De Hoyos showed four cues and hopped during the test. De Hoyos then agreed to a preliminary breath test but failed to cooperate by not blowing hard enough during

his three attempts to provide a sample. De Hoyos then stated: "I'm not that drunk."

Trooper Sneider placed De Hoyos under arrest and transported him to the county jail. After invoking implied consent, Trooper Sneider informed De Hoyos he could telephone someone, but De Hoyos declined. A chemical breath test was performed on the Datamaster, which showed De Hoyos's blood alcohol concentration was .176. De Hoyos made no further references regarding a blood test or other independent test.

De Hoyos was charged with operating while intoxicated, in violation of Iowa Code section 321J.2. He filed a motion to suppress the Datamaster results, alleging his rights under Iowa Code section 321J.11 were violated. Following a hearing, the district court denied the motion. On March 1, 2013, a bench trial was held, after which the district court found De Hoyos guilty. De Hoyos appeals.

We review the district court's ruling on the motion to suppress for correction of errors at law. *See State v. Hornik*, 672 N.W.2d 836, 838 (Iowa 2003).

Under certain circumstances, Iowa Code section 321J.11 entitles an intoxicated person to an independent chemical test. Specifically:

> The person may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer. Upon the request of the person who is tested, the results of the test or tests administered at the direction of the peace officer shall be made available to the person.

Iowa Code § 321J.11. A defendant is entitled to an independent chemical test only after submitting to the test requested by the officer. *State v. Bloomer*, 618 N.W.2d 550, 553 (Iowa 2000). In determining whether a defendant was attempting to assert his right to an independent test rather than refusing the requested test, the court considers "[t]he statements and conduct of the arrestee and police officer, as well as the surrounding circumstances." *Ginsberg v. Iowa Dep't of Transp.*, 508 N.W.2d 663, 664 (Iowa 1993).

Here, De Hoyos did not request an independent test either before or after the Datamaster test. A vague comment that he would prefer a blood test over the field sobriety test does not amount to an invocation of De Hoyos's right to an independent test under section 321J.11. *See Bloomer*, 618 N.W.2d at 552–53 (holding the defendant's insistence on taking a urine test instead of the breathalyzer was a refusal to submit to the test requested by the officer); *State v. Mahoney*, 515 N.W.2d 47, 50 (Iowa Ct. App. 1994) ("The legislature's clear intent, by its use of the words 'in addition to,' was that a defendant must submit to a state-administered chemical test before being allowed to demand an independent test."). Consequently, no violation of section 321J.11 occurred, and the district court properly denied De Hoyos's motion to suppress.

**AFFIRMED.**