# IN THE COURT OF APPEALS OF IOWA

No. 21-0919
Filed June 29, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RAYSEAN H. NELSON,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Coleman J. McAllister,

Judge.


        Raysean Nelson appeals his conviction for criminal gang participation

enhanced as a habitual offender.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


        Considered by May, P.J., Chicchelly, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**CARR, Senior Judge.**

Raysean Nelson appeals his conviction for criminal gang participation enhanced as a habitual offender. He asserts that there was insufficient evidence to show he participated in a street gang or was an active member of one. We find the evidence was sufficient to support a finding by a jury that Nelson actively participated in a gang. We affirm.

## I. Background and Facts

Feuding between the Heavy Hitters and C-Block street gangs resulted in a deadly shooting in January of 2020. Sporadic violence continued between members of the gangs since that time. On May 10, 2020, Nelson and Allison Doyle approached a Shoe Carnival store in Des Moines where they encountered members of the Heavy Hitters street gang. Nelson and Doyle returned to their green sedan and fled. The group of Heavy Hitters followed, chasing Nelson and Doyle in a white SUV.

Nelson led his pursuers into a residential neighborhood, where security footage recorded a male walking down the sidewalk, looking over his shoulder in the direction of the incoming green sedan and white SUV, while speaking on a cell phone. Nelson stopped his car upon reaching the man, and when the Heavy Hitters arrived, the man shot at the white SUV at least twelve times. One shot struck a passenger, Braden Shafer, in the head.

An officer observed the Heavy Hitters' car as it raced by and saw the occupants shoot at Nelson and the shooter on the sidewalk. The officer pursued the Heavy Hitters' vehicle until the SUV soon suffered a flat tire. In the interviews

following, the Heavy Hitters revealed that they had been going after "Little Thrax," who they believed to be a member of the C-Block street gang.

The police searched social media for "Little Thrax" and found a Facebook account where someone was wishing Little Thrax a happy birthday. This account belonged to Nelson. Officers learned that Nelson's father had gone by the street name "Thrax" before he was killed. On this account detectives saw an April post paying respects to a deceased member of the C-Block gang and February posts discussing the sentencing of another C-Block member. Detectives also observed on Nelson's Facebook account that he was romantically involved with Doyle. Doyle was well-known to the police as an associate of the C-Block gang and as a frequent driver for them.

After officers had identified Nelson and Doyle as the occupants of the green sedan, they conducted a search warrant of their residence. There they found the green sedan with multiple bullet holes in the garage, and in the residence, a pink handgun and ammunition locked in a safe. Because of his three prior forcible felony convictions, Nelson was prohibited from possessing a firearm. Nelson admitted that he knew about the gun, that he had purchased the green sedan from Doyle's mother, and that they had been followed by the white SUV. He stated that he had previously been a member of the C-Block gang but denied any current involvement with the gang. Although three days had passed between the shooting and the execution of the search warrant, Nelson had never made any attempt to alert law enforcement that he and Doyle had been the victims of a shooting. Police attempted to access call records on Doyle's phone, but her records prior to May 12, 2020, had been deleted. Police were unable to locate Nelson's phone.

## II.     Standard of Review

We review sufficiency of the evidence claims for correction of errors at law. *State v. Sanford,* 814 N.W.2d 611, 615 (Iowa 2012).   Evidence is sufficient if substantial record evidence supports a verdict.  *Id.*  "Evidence is substantial if, when viewed in the light most favorable to the state, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt."  *Id.*  The court must consider all evidence in the record, including reasonable inferences that can be drawn from the evidence.  *Id.*

## III.     Sufficiency of the Evidence

The jury found Nelson guilty of participation in a criminal gang.  Under Iowa Code section 723A.2 (2020), "[a] person who actively participates in or is a member of a criminal street gang and who willfully aids and abets any criminal act committed for the benefit of, at the direction of, or in association with any criminal street gang, commits a class 'D' felony."

Nelson claims that the evidence presented by the State was not sufficient to support the element of the crime that Defendant actively participated in or was a member of a gang on or between May 6 and May 20, 2020.  He argues that his April and February social media posts saying "Crip in Peace" to a member who had died and referencing the sentencing of another member demonstrate only an honoring of past relationships with the C-Block gang, not that he was a member or active participant.  He claims that this social media activity is consistent with his statement that he was no longer a participant in the gang, and that it is not consistent with continuing gang activity on social media, which would include disrespecting rival gangs and bolstering themselves within their gang.  However,

the social media affiliation as of April 2020, is a strong indicator of continued affiliation with the gang in May, particularly when considered with Nelson's admission of past membership in the gang. *See State v. Hayes*, 532 N.W.2d 472, 476 (Iowa Ct. App. 1995) (stating a prior admission of being in a gang, alongside other evidence of gang affiliation, can support a finding that defendant was a member of a gang).

Nelson also contends that the presence of the pink gun does not demonstrate his participation in the gang because he only admitted knowledge of the gun, and that the gun was also accessible to Doyle, who was a known associate of the gang. But the possession of the gun despite the knowledge that it could result in a firearms charge is also, according to testimony by detectives, an indication of gang participation because of the need for gang members to protect themselves from rival gangs. Possession of the gun is evidence tending to show that Nelson was actively participating in the gang in May 2020. He further reasons that the fact that the members of the Heavy Hitters targeted him only shows that they believed he was part of the C-Block gang, not that he actually was. We think this belief, while not conclusive, is suggestive of gang membership.

Nelson additionally argues that since the detectives who investigated the May 10 shooting were assigned especially to investigate gangs and were familiar with many of the gang members in Des Moines, the fact that they did not know who Nelson was is significant to showing that he was not a gang member at the time of the shooting. But the police cannot and do not know every gang member in Des Moines—in fact the detectives investigating this case only recognized three of the five Heavy Hitters in the white SUV.

Furthermore, the route taken by Nelson through a residential neighborhood was an odd choice for someone attempting to escape pursuers, according to detectives. A detective also testified to the strangeness of Nelson's decision to stop his car where he did if he were simply trying to get away. These facts, in conjunction with the evidence of the shooter on the phone appearing to wait for something coming in the direction Nelson would soon arrive from, create a strong inference that there was coordination between Nelson and the shooter. The deleted phone records and inability to locate Nelson's phone also support this inference. Finally, Nelson's failure to call the police after being chased and shot at by Heavy Hitter gang members is consistent with him being a member of the opposing gang. While none of this standing alone would be sufficient to prove Nelson's participation in a criminal gang, taken together it creates substantial evidence that he was a member of the gang between May 6 and May 20, 2020.

Viewing the evidence in the light most favorable to the State, we find sufficient evidence to support a conviction for criminal gang participation.

**AFFIRMED.**