# IN THE SUPREME COURT OF IOWA

No. 18–0305

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**KEEGAN CRAIG SMITH,**

Appellant.

Appeal from the Iowa District Court for Warren County, Kevin Parker and Mark F. Schlenker, District Associate Judges.

Defendant appeals his conviction for operating while intoxicated, first offense. **AFFIRMED.**

Matthew T. Lindholm of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Zachary Miller, Assistant Attorney General, Douglas Eichholz, County Attorney, and Justin Rogers, Assistant County Attorney, for appellee.

**McDONALD, Justice.**

Following a trial on the minutes of testimony, Keegan Smith was convicted of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2017). In this direct appeal, Smith contends the district court erred in denying his motion to suppress evidence allegedly obtained in violation of his statutory right under Iowa Code section 321J.11. Specifically, Smith contends the district court erred in not suppressing the results of a chemical breath test when the officer administering the test allegedly violated Smith's statutory right to obtain additional chemical testing.

Iowa Code section 321J.11 regulates the administration of chemical tests designed to determine blood alcohol concentration. As relevant here, that provision provides that a detainee or arrestee

> may have an independent chemical test or tests administered at the person's own expense in addition to any administered at the direction of a peace officer. The failure or inability of the person to obtain an independent chemical test or tests does not preclude the admission of evidence of the results of the test or tests administered at the direction of the peace officer. Upon the request of the person who is tested, the results of the test or tests administered at the direction of the peace officer shall be made available to the person.

Iowa Code § 321J.11. As apparent from the text, the statute creates a right for a detainee or arrestee to have an "independent chemical test or tests administered at the person's own expense in addition" to any test administered at the direction of an officer. *Id.*; *see State v. McIver*, 858 N.W.2d 699, 705 n.2 (Iowa 2015) ("[I]ndependent chemical testing may be done at the driver's cost in addition and subsequent to the testing done at the direction of the peace officer."); *State v. Bloomer*, 618 N.W.2d 550, 553 (Iowa 2000) (discussing relevant law); *State v. Mahoney*, 515 N.W.2d 47, 50 (Iowa Ct. App. 1994) ("The legislature's clear intent, by its use of the

words 'in addition to,' was that a defendant must submit to a state-administered chemical test before being allowed to demand an independent test."). The statute does not afford a detainee or an arrestee the right to take an independent chemical test prior to or in lieu of the peace officer's test. *See State v. Wootten*, 577 N.W.2d 654, 655 (Iowa 1998) ("A defendant is not entitled to an independent test until after he has taken the test requested by the officer."); *Mahoney*, 515 N.W.2d at 50 ("[A] defendant must submit to a state-administered chemical test before being allowed to demand an independent test.").

A detainee or arrestee can invoke the statutory right by making "any statement that can be reasonably construed as a request for an independent chemical test." *State v. Lukins*, 846 N.W.2d 902, 912–13 (Iowa 2014). When a detainee or arrestee invokes the statutory right, "then the officer should inform the detainee of his or her right to an independent chemical test under Iowa Code section 321J.11." *Id.* at 909. If the statutory right is invoked and the officer fails to advise the detainee or arrestee of the right, then "'evidence of the results of the test or tests administered at the direction of the peace officer' must be suppressed." *Id.* at 911 (quoting Iowa Code § 321J.11).

We turn now to the facts and circumstances of this case. The record reflects a police officer pulled Smith over in the early morning hours. Field sobriety tests indicated Smith was intoxicated. Smith consented to a preliminary breath test, and the test showed a blood alcohol concentration in excess of .08. At that point, the officer placed Smith under arrest and transported him to the county jail. At the county jail, Smith consented to a chemical breath test. The test showed Smith had a blood alcohol concentration of .188. He was charged with operating while intoxicated, first offense. After being charged, Smith moved to suppress the results of

the chemical breath test on the ground the officer violated Smith's statutory right. The district court denied the motion, finding Smith "did not inquire as to an independent test."

Our review of the district court's ruling on the motion to suppress is for the correction of legal error because the basis for the motion is statutory. *See Lukins*, 846 N.W.2d at 906. The district court's findings of fact are binding on appeal if supported by substantial evidence. *See State v. Frake*, 450 N.W.2d 817, 818 (Iowa 1990). Evidence is substantial when a reasonable mind would accept it as adequate to reach the same findings. *See id.* Substantial evidence review is a deferential standard of review; the question is not whether the evidence supports a different finding but whether the evidence supports the finding actually made. *See id.* at 818–19 ("There may be substantial evidence to support either the existence or nonexistence of a fact. If a disinterested witness testifies a vehicle stopped at an intersection and another disinterested witness testifies the vehicle did not stop, there would be substantial evidence to support a finding the vehicle did or did not stop.").

Here, with all due deference, substantial evidence supports the district court's finding that Smith did not inquire about his right to take an independent test. The officer testified Smith consented to the chemical breath test. The officer also testified Smith did not ask for a retest and did not ask for any other form of test. The video from the officer's patrol car confirms the officer's testimony. At multiple points during the interaction, Smith made statements predicting the officer would subject him to blood testing if he refused to cooperate with other tests. For example, Smith said, "If I deny taking or doing [a field test], then you would just take me straight up to the jail to do a blood test." At the suppression hearing, the officer testified Smith made three or four similar declarative statements

regarding what would happen if he refused to cooperate. The officer testified Smith did not ask any questions regarding additional testing. The video from the jail supports the officer's testimony that Smith only made declarative statements regarding what would happen if he refused to provide a breath test. At no point did Smith inquire about his right to obtain independent testing.

More important than the form of Smith's statements is the substance of his statements. In *Lukins,* we held the officer was required to honor the detainee's statutory right when the detainee's statements could be "reasonably construed" to invoke the right. *See Lukins,* 846 N.W.2d at 909. Because the statute only provides the right to independent testing in addition to testing administered by the officer, only statements regarding additional testing are sufficient to invoke the statutory right. *See State v. Hellstern,* 856 N.W.2d 355, 363 (Iowa 2014) ("[*Lukins*] held the arrestee's imprecise request for a 're-check' adequately invoked his statutory right to another chemical test."); *Lukins,* 846 N.W.2d at 909 (explaining the defendant was seeking additional testing); *Ginsberg v. Iowa Dep't of Transp.,* 508 N.W.2d 663, 664 (Iowa 1993) ("When Ginsberg requested that his blood or urine be tested in addition to his breath, the peace officer should have explained that, after the requested breath test had been completed, Ginsberg would be able to have other substances tested."). Smith's statements related only to testing in lieu of the testing administered at the direction of the officer. For example, Smith asked, "If I refuse, then do you take me to a hospital to take my blood?" Statements regarding chemical testing in lieu of the officer's testing are insufficient to invoke section 321J.11. *See Bloomer,* 618 N.W.2d at 553 ("The record before us, though similar to *Ginsberg*, contains important differences. The

trooper first testified that Bloomer insisted on a urine test *instead* of a breath test.").

For these reasons, we conclude the district court did not err in denying Smith's motion to suppress evidence. We affirm the defendant's conviction.

**AFFIRMED.**

All justices concur except Cady, C.J., who concurs specially.

**CADY, Chief Justice (special concurrence).**

I concur in the result reached by the majority. However, I would go further to identify the scope and meaning of the right to an independent test under Iowa Code section 321J.11 (2017) to provide needed context to the meaning of the invocation of the right. Until a right is examined to discover its meaning, the requirements for invoking it are meaningless.

Section 321J.11 does not make it easy to identify the meaning of the right to an independent chemical test. The section contains two paragraphs. The first paragraph addresses the process for the withdrawal of a specimen of blood and for the taking of a specimen of a person's breath or urine. The second paragraph provides that a person may also have an independent chemical test or tests administered at his or her own expense and may request a copy of the results of the test administered by the state. Yet, the language of the statute does not describe further any obligation of the state to assist in providing for the independent testing or for the state to take any affirmative action.

Thus, the right identified in section 321J.11 could be one that permits a person to have an independent test of the specimen obtained by the state for testing pursuant to the implied-consent procedures, or one that permits a defendant to have an independent test of an independent specimen, or something entirely different. Whatever the statute means, it would likely impact what it means to invoke the right. This is the question that needs an answer and a question that remains unanswered by this opinion.