**IN THE COURT OF APPEALS OF IOWA**

No. 19-0180
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICHOLAS WRIGHT,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Cerro Gordo County, Adam Sauer,

District Associate Judge.


    Nicholas Wright appeals the denial of his motion to suppress.  **AFFIRMED.**



    Colin Murphy of Gourley Rehkemper Lindholm, P.L.C., West Des Moines,

for appellant.

    Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.



    Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Nicholas Wright appeals the denial of his motion to suppress evidence obtained from warrantless "trash rips."[1] Because Wright's trash was left in an open container in the alley for the express purpose of garbage collection, we conclude collection of that trash by law enforcement did not violate his constitutional right to be free from unreasonable searches and seizures.

**I. Background Facts and Proceedings.**

In August 2017, Clear Lake Police Officer Brandon Heinz received information that someone named "Beef" was selling drugs near Rookie's Bar in Clear Lake. Wright lived near Rookie's Bar, and his nickname is "Beef."

On September 11, at approximately midnight, Officer Heinz went to Wright's residence and observed two unlidded trash cans "at the edge of the alley behind the residence," where trash cans were lined up for pick-up later that morning. Officer Heinz collected trash bags from Wright's garbage containers and transported them to the police station. In the trash, Officer Heinz found poppy seed packages and ripped up t-shirt squares with brown stains. He submitted the seeds and fabric squares to the department of criminal investigations (DCI) lab for testing. The DCI lab confirmed the seeds were from a poppy plant, one of the three t-shirt squares submitted for testing was positive for morphine, and the other two squares were positive for morphine and cocaine. Officer Heinz conducted similar trash

---

[1] Trash rips, pulls, or grabs refer to the practice of obtaining and sifting through a person's trash. *See, e.g., United States v. Jackson*, 728 F.3d 367, 369–70 (4th Cir. 2013) (analyzing whether a trash pull was conducted within the curtilage of the defendant's apartment).

pulls on November 6 and 20 at about midnight before the scheduled garbage pick-up. He found similar items in the trash bags.

Officer Heinz applied for a search warrant of Wright's residence, detailing the three trash rips and the evidence obtained from them. The warrant issued and, when executed, police found marijuana and prescription medicine for which Wright had no prescription. Wright was charged with possession of a prescription drug without a prescription, possession of marijuana, and possession of a schedule II controlled substance.

Wright filed a motion to suppress the evidence obtained from the garbage cans asserting:

> (1) [Wright] manifested a subjective expectation of privacy in the contents of his garbage containers wherever they are located on his property.
> (2) Society has accepted his expectation of privacy as objectively reasonable as evidenced by the Clear Lake City Code and other similar municipal ordinances across the State of Iowa that concern the collection of garbage.
> (3) Clear Lake Police Officer Brandon Heinz physically trespassed onto [Wright's] property three times during a three-month period to remove [Wright's] garbage, thereby obtaining information regarding [Wright's] person, house, papers and effects.
> (4) Officer Heinz searched the contents of [Wright's] garbage containers on each occasion without a warrant.
> (5) Officer Heinz acted with reckless disregard for the truth in ultimately applying for the search warrant in this case because he omitted a number of facts for the magistrate's consideration that would have cast doubt on probable cause, including, but not limited to, the fact that he is not authorized by the City of Clear Lake to collect garbage; it is illegal for anyone to scavenge garbage[2]; and that he physically trespassed onto [Wright's] property for this purpose.
> (6) When the information illegally obtained by Officer Heinz is stricken from the warrant application, the warrant fails for probable cause.

---

[2] These assertions relied upon municipal ordinances he noted in the first unnumbered paragraph of his motion.

At the hearing on the motion, Officer Heinz testified that he did not leave the alley to collect the garbage. He further testified he could see the garbage bags from his patrol vehicle and there were no lids on the garbage cans. He testified he touched the garbage cans on two of the trash rips. The district court ruled:

> The evidence clearly establishes that the garbage collected in this case was indeed set out for pickup. The garbage can was placed right next to the public alley the night before garbage pickup was scheduled. This was true on all three occasions. No city agencies or the general public were barred from access on the public alley where the garbage was collected. [Wright] cannot maintain a reasonable expectation of privacy in garbage that has been set out to be picked up by a public agency.
>   Since [Wright] did not maintain an ongoing reasonable expectation of privacy in the abandoned garbage, [his] contention that the evidence should be suppressed because the police collected the garbage themselves rather than requesting the garbage collection company to turn it over to law enforcement is immaterial. Once the property has been abandoned, [Wright] relinquishes claims of wrongdoing on the part of law enforcement in obtaining that abandoned property.

The court found the city ordinance making scavenging unlawful was not relevant to its analysis. The court denied the motion to suppress.

Wright filed a motion to enlarge, and the court entered additional findings and conclusions:

> In [*United States*] *v. Kramer*, defendant argued that the police trespassed on his property to seize garbage bags. [711 F.2d 789, 792 (7th Cir. 1983).] In that case, the court had found that police removed the garbage bags from inside a knee-high chain fence that ran along a street curb. Further, the court found that police had to step a few feet upon the outer edge of defendant's front yard or reach across the fence to remove the garbage bags. The court considered three factors when analyzing whether police had trespassed upon defendant's property: (1) one's interest in peace and quiet; (2) one's interest in relaxing in his home, where what he says and does is not subject to public scrutiny, and (3) one's interest in public esteem, keeping private intimate matters about oneself. [*Id.* at 793.] The court found that the alleged trespass did not infringe upon any of the three interests stated above.

By briefly touching the garbage cans, Officer Heinz did not threaten the peace and quiet of [Wright's] home; did not interfere with [Wright's] enjoyment of his front yard or interfere with the weekly routine that [Wright] followed in disposing of his garbage; nor did the police hear or see things in or near [Wright's] house when retrieving the garbage.

[Wright], in his brief in support of motion to suppress evidence, cites [*United States*] *v. Jones*, 565 U.S. 400 (2012), which held that installing and using a GPS for monitoring a vehicle's movement constituted a Fourth Amendment search under the "trespass test." The Court in *Jones* found that a vehicle should receive the same degree of protection from government intrusion as a home. A brief touching of a garbage can is substantially different than a GPS monitoring device being installed on a vehicle. A garbage can directly next to a public alley should not receive the same degree of protection as a vehicle or home.

Wright appeals.

## II. Scope and Standard of Review.

"Because this case concerns the constitutional right to be free from unreasonable searches and seizures, our review of the district court's suppression ruling is de novo." *State v. Watts*, 801 N.W.2d 845, 850 (Iowa 2011). "We make an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* "Each case must be evaluated in light of its unique circumstances." *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012) (citation omitted).

"The district court's findings of fact are binding on appeal if supported by substantial evidence. Evidence is substantial when a reasonable mind would accept it as adequate to reach the same findings." *State v. Smith*, 926 N.W.2d 760, 762 (Iowa 2019) (citation omitted).[3]

---

[3] "Substantial evidence review is a deferential standard of review; the question is not whether the evidence supports a different finding but whether the evidence supports the finding actually made." *Smith*, 926 N.W.2d at 762.

**III. Discussion.**

Wright acknowledges that under *California v. Greenwood*, 486 U.S. 35, 39–40 (1988), warrantless searches of garbage set out for collection do not violate a reasonable expectation of privacy. However, Wright asserts that *Jones* stands for the proposition that any trespass on his personal effects—including his garbage set out for collection—violates the Fourth Amendment. Wright reads too much into *Jones*.

"[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). In *Greenwood*, the United States Supreme Court concluded:

> [R]espondents exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection. It is common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public. . . . [H]aving deposited their garbage "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it," respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded.

486 U.S. at 40–41 (footnotes and citations omitted); *see also United States v. Spotted Elk*, 548 F.3d 641, 653–54 (8th Cir. 2008) (citing *Greenwood*, 486 U.S. at 40–43) ("Police may search trash left outside the curtilage of the house to be picked up by garbage collectors, because the owners of the trash have abandoned it."); *United States v. Comeaux*, 955 F.2d 586, 589 (8th Cir. 1992) (rejecting a challenge to the denial of a motion to suppress evidence of trash search "even assuming that the garbage cans were within the curtilage" and noting the "focus

under *Greenwood* is whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable" (citation omitted)); *United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir.1988) ("A person must do more than place trash for collection in a trash can, that the public has access to, to create an objectively reasonable expectation of privacy."). Applying the reasonable-expectation-of-privacy analysis, the Supreme Court concluded "that society would not accept as reasonable respondents' claim to an expectation of privacy in trash left for collection in an area accessible to the public." *Greenwood*, 486 U.S. at 41. The Supreme Court therefore upheld the validity of the warrantless search and seizure of garbage left out for collection. *Id.* at 40–41.

In *State v. Henderson*, this court observed, "The Fourth Amendment protects only against the government's intrusion upon a person's legitimate expectation of privacy." 435 N.W.2d 394, 396 (Iowa Ct. App. 1988). We found the *Greenwood* rationale persuasive and agreed with the Supreme Court that

> "society as a whole possesses no such understanding with the regard to garbage left for collection at the side of a public street." We determine the use of evidence obtained by searching the defendant's garbage did not intrude upon his legitimate expectation of privacy and therefore, was properly considered by the magistrate in issuing a search warrant of the defendant's premises.

*Id.* at 397 (citation omitted); *see also State v. Skola*, 634 N.W.2d 687, 690–91 (Iowa Ct. App. 2001). Our supreme court has not overruled these holdings or intimated it may divert from them. Nor has the legislature taken any action that would call these rulings into question.

Wright argues, however, that the later-decided *Jones* case stands for the proposition that any trespass on his personal effects—including his garbage

containers—constitutes an unreasonable search. Citing local ordinances requiring that garbage be collected by authorized persons and making it illegal for anyone to scavenge garbage, Wright asserts society recognizes his subjective expectation of privacy in his garbage is reasonable.[4] Even assuming Wright maintained a subjective expectation of privacy in his garbage, we are not convinced that the municipal ordinances to which Wright points embody a societal expectation of privacy in garbage that would lend credence to his claim. The *Greenwood* court rejected the defendant's assertion that "his expectation of privacy in his garbage should be deemed reasonable as a matter of federal constitutional law because

---

[4] A case with very similar facts to those presented here was recently decided by the Minnesota Supreme Court. *See State v. McMurray*, 860 N.W.2d 686, 689 (Minn. 2015). The Minnesota Supreme Court was asked to determine whether the state constitution requires greater protection than the Fourth Amendment "in the context of a warrantless search of garbage set out for collection in an area accessible to the public." *Id.* The Minnesota court noted, "[T]he analysis adopted in *Greenwood* was consistent with the decisions of a vast majority of state courts, including our decision applying the Fourth Amendment in *State v. Oquist*, 327 N.W.2d 587, 591 (Minn. 1982)." *Id.* at 691. "[D]uring the last [thirty-two] years, we have repeatedly held that garbage set out for collection is not protected by the Fourth Amendment and may be searched without a warrant." *Id.* at 692. The court concluded, "[T]here is no principled basis for interpreting article I, section 10, of the Minnesota Constitution to afford greater protection against warrantless searches of garbage set out for collection than the Fourth Amendment to the United States Constitution." *Id.* at 694.

Like Wright, the *McMurray* dissenters argued municipal ordinances pertaining to garbage collection supported the reasonableness of an expectation that household garbage will remain private from unwarranted inspection by the government. *Id.* at 699–700 (Lillehaug, J. dissenting); *see also State v. Crane*, 329 P.3d 689, 696–97 (N.M. 2014) ("We consider compliance with local ordinances governing the disposal of household garbage to support the reasonableness of an expectation that it will remain private from unwarranted inspection by the government.").

the warrantless search and seizure of his garbage was impermissible as a matter of California law." 486 U.S. at 43 (considering municipal ordinances).[5]

In *Jones*, the Supreme Court observed:

*Katz* . . . established that "property rights are not the sole measure of Fourth Amendment violations," but did not "snuf[f] out the previously recognized protection for property." As Justice Brennan explained in [a later] concurrence, *Katz* did not erode the principle "that, when the Government *does* engage in physical intrusion of a constitutionally protected area in order to obtain information, that intrusion may constitute a violation of the Fourth Amendment." We have embodied that preservation of past rights in our very definition of "reasonable expectation of privacy" which we have said to be an expectation "that has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."

565 U.S. at 406–08 (citations omitted); *see also Florida v. Jardines*, 569 U.S. 1, 7–8 (2013) (stating there is no doubt that the officers entered the curtilage of defendant's home because "[t]he front porch is the classic exemplar of an area adjacent to the home 'to which the activity of home life extends'" and determining the entry onto that constitutionally-protected area was without implicit license (citation omitted)).

Here, the district court found there had been no physical intrusion into a constitutionally-protected area. *Accord Jackson*, 728 F.3d at 369–70, 374

---

[5] The *Greenwood* court observed individual states could construe their own constitutions as imposing more stringent constraints on police conduct. 486 U.S. at 43. Iowa courts have not concluded the Iowa Constitution provides greater protection to garbage set out for collection:

We refuse to depart from the explicit holding in *Henderson* that warrantless garbage searches do not violate our state constitution. Based on our precedent and the prevailing opinion of the majority of states, we uphold the validity of warrantless garbage searches under article I, section 8 of the Iowa Constitution.

*Skola*, 634 N.W.2d at 690–91 (footnote omitted).

(concluding "the two-to-three feet between the patio and the common sidewalk, was not 'so intimately tied to the home itself that it should be placed under the home's "umbrella" of Fourth Amendment protection'" (citation omitted)).[6]   There was no evidence Officer Heinz left the public alley to collect any of the garbage. We agree with the district court that even if Officer Heinz touched the garbage can, this was not an intrusion akin to attaching a tracking device on a person's car.  The district court's findings are supported by substantial evidence and are, therefore, binding on us.  *See Smith*, 926 N.W.2d at 762.

Because Officer Heinz did not intrude upon a constitutionally-protected interest and Wright had no reasonable expectation of privacy in the contents of the garbage containers left out for collection, we affirm the district court's denial of his motion to suppress.  We affirm.

**AFFIRMED.**

---

[6] *Cf. State v. Weatherly*, No. W2017–01014–CCA–R3–CD, 2018 WL 2263566, at *4–6 (Tenn. Crim. App. Feb. 6, 2018) (finding an unreasonable intrusion where police officers collected trash from a can located off the defendant's driveway and next to the kitchen door on the side of the defendant's home).