# IN THE COURT OF APPEALS OF IOWA

No. 19-0849
Filed May 13, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**THOMAS C. CASPER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Adam Sauer, District Associate Judge.

　　　　Defendant appeals his conviction for operating a motor vehicle while intoxicated, first offense. **AFFIRMED.**

　　　　Scott A. Michels of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A state trooper stopped a motorcycle traveling at 110 miles an hour in a fifty-five-mile-per hour zone.  The trooper observed signs of intoxication in vehicle operator Thomas Casper and administered a field sobriety and preliminary breath test.  The trooper arrested Casper.

At the jail, Casper was given a DataMaster breathalyzer test, which registered blood alcohol content over the legal limit.  As Casper was leaving, he asked the trooper if he could take another DataMaster test.  The trooper responded, "Sure."  He "asked [Casper] for his driver's license," and Casper said, "No, no, I don't want to."  Casper left with his wife.

The State charged Casper with operating a motor vehicle while intoxicated, first offense.  *See* Iowa Code § 321J.2(1) (2018).  The trial information cited all three alternatives for committing the crime: (a) "[w]hile under the influence of an alcoholic beverage or drugs or a combination of such substances"; (b) "[w]hile having an alcohol concentration of .08 or more; or (c) "[w]hile any amount of a controlled substance is present in the person as measured in the person's blood or urine."  *Id.* § 321J.2(1)(a)–(c).

Casper moved to suppress the DataMaster test result on the ground that he was not "advised that he could have an independent chemical test done at his own expense" as authorized by Iowa Code section 321J.11.  *See State v. Smith*, 926 N.W.2d 760, 761–63 (Iowa 2019) ("[T]he statute creates a right for a detainee or arrestee to have an 'independent chemical test or tests administered at the person's own expense in addition' to any test administered at the direction of an officer." (citations omitted)).  Following a hearing, the district court denied the

motion. Casper waived his right to a jury trial and stipulated to a trial on the minutes of testimony. The district court found him guilty under the first and second alternatives of section 321J.2(1).

On appeal, Casper reprises his argument that the trooper had an obligation to "advise him" of his entitlement "to an independent chemical test at his own expense." He asserts "[t]he scenario presented in this case is nearly identical to that presented in [*State v.*] *Lukins*, [846 N.W.2d 902 (Iowa 2014)]." Our review is on error. *See Lukins*, 846 N.W.2d at 906 ("We review for correction of errors at law a district court's ruling on a motion to suppress based on the interpretation of a statute.").

In *Lukins*, the court held, where the defendant made statements that, "reasonably construed, indicated he wanted another test, even if he was mistaken, unsure, or unaware of the way in which the additional test would be conducted", the police chief "should have informed [him] that he was entitled to an independent chemical test at his 'own expense in addition to' the Breathalyzer test." *Id.* at 909–10. In the absence of the advice, the court concluded the breathalyzer test result should have been suppressed. *Id.* at 911.

The court proceeded to a harmless error analysis. *Id.* There as here, the State charged the defendant with more than one alternative for committing the crime. The State argued the evidence was sufficient to affirm the conviction under the "under the influence" alternative even without the breathalyzer result. *Id.* at 911–12. The supreme court disagreed. The court noted that the district court's verdict "did not indicate under which provision it determined [the defendant] was guilty" and the order was "devoid of fact findings." *Id.* at 912. Because it was

unclear whether the district court "relied on the erroneously admitted test results" or "on all the other circumstances suggesting [the defendant] was operating while intoxicated," the supreme court reversed and remanded the judgment. *Id.*

The same problem is not present here. The district court applied the "under the influence" alternative of section 232J.2(1)(a), in addition to the "alcohol concentration" alternative of section 232J.2(1)(b). After listing the relevant factors for determining whether a driver is "under the influence," the court found:

> While visiting with the Defendant, [the trooper] noticed that the Defendant had blood shot and watery eyes, appeared unsteady on his feet and spoke with a slur and thick tongue. While in his patrol vehicle, [the trooper] could smell the odor of an alcoholic beverage coming from Defendant. Defendant admitted to consuming a couple alcoholic beverages. Defendant submitted to the horizontal gaze nystagmus field sobriety test, which resulted in six of six clues. Defendant stated that he would not be able to complete the walk and turn and one-leg stand test due to physical restrictions. All of those factors together demonstrate that due to the ingestion of an alcoholic beverage, Defendant's reason or mental ability was affected, his judgment was impaired and he had to any extent, lost control of his bodily actions or motions.

Based on these findings, the court determined, "At the time of operation of the motorcycle, the Defendant was under the influence of an alcoholic beverage." The court's findings and determination are supported by substantial evidence. Accordingly, we conclude that, even if the trooper had an obligation to advise Casper about his entitlement to an independent test at his own expense, his failure to do so amounted to harmless error. *See State v. Poster*, No. 18-0217, 2019 WL 319846, at *4 (Iowa Ct. App. Jan. 23, 2019) (concluding "[a]ny violation of [the defendant's] rights under section 321J.11 was harmless error" in light of the district court's "under-the-influence finding," which was supported by substantial evidence).

We affirm the district court's denial of Casper's suppression motion and the court's imposition of judgment and sentence for operating while intoxicated, first offense.

**AFFIRMED.**