# IN THE COURT OF APPEALS OF IOWA

No. 19-2001
Filed July 21, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HUBERT TODD, JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Hubert Todd Jr. appeals the denial of his application to modify sex offender registration requirements. **WRIT SUSTAINED AND REMANDED WITH DIRECTIONS.**

John G. Daufeldt of Daufeldt Law Firm, P.C., Conroy, for appellant.

Thomas J. Miller, Attorney General, John R. Lundquist, Assistant Attorney General, and Kyle Crocker, Student Legal Intern, for appellee.

Heard by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

**I.      Background**

In March 1998, sentence was imposed upon Todd's conviction of third-degree sexual abuse.  He was sentenced to an indeterminate term of incarceration not to exceed ten years and was ordered to register as a sex offender.[1]  The sentencing order did not require that he participate in a sex offender treatment program (SOTP).  Todd's sentence was discharged and he was released from prison in October 2002.  The notice of release issued by the department of corrections (DOC) also did not note a requirement that Todd complete a SOTP.

In November 2018, Todd filed an application to modify sex offender registry requirements, citing Iowa Code section 692A.128(6) (2018).  The application noted he was still required to register as a sex offender until 2023.  It also asserted he complied with the criteria for modification: (1) the date of his registry requirement was more than five years prior,[2] (2) he completed all SOTPs required of him, (3) he was not incarcerated, and (4) he was not under the supervision of the judicial district department of correctional services (DCS).  *See* Iowa Code § 692A.128(2)(a), (b), (d), (6).  Todd requested the court to order the DOC to perform a risk assessment.  *See id.* § 692A.128(2)(c), (6).

The DCS filed a risk assessment in October 2019.  The assessment noted Todd met the requirements for modification contained in Iowa Code section

---

[1] Todd's conviction and sentence were affirmed by the supreme court in 1999.  The supreme court's opinion is included in our record on appeal, but it does not appear to be available in legal research databases.

[2] This durational requirement applies to tier two and three offenders; the durational requirement for tier one offenders is two years.  Iowa Code § 692A.128(2)(a).

692A.128(2)(a), (c), and (d). As to the requirement contained in Iowa Code section 692A.128(2)(b)—that Todd "has successfully completed all [SOTP]s that have been required"—neither the "Yes" or "No" boxes were marked by DCS. The assessment noted:

> Internal Movement Classification documentation dated October 31, 2001 state the following:
> It should be noted that the Iowa Board of Parole has recommended that inmate Todd participate in . . . the [SOTP]. Inmate Todd has informed the committee on several occasions that he is appealing his case, and therefore not willing to participate in the [SOTP] . . . .
> . . . .
> Inmate Todd was informed on this date that the only recommendation this committee would support would be a transfer . . . to participate in the [SOTP]. Inmate Todd indicated that he is currently appealing his case and it is in court. He is not willing to accept responsibility for his offense and not considered a suitable candidate for treatment at this time.

Other documentation, dated June 5, 2002, provided: "Inmate Todd, on advice of counsel, has maintained that he does not have a sexual problem and is unwilling to participate in [SOTP], as his case is still in court." The assessment noted Todd was placed on probation in February 2004 for new, non-sex offenses, in relation to which he participated in a dual diagnosed offender program from October 2005 to May 2006, completing all treatment requirements. He also completed a domestic violence program while in prison in 2016.

After Todd reported to the probation office in February 2019 and requested to initiate modification of his registry requirement, "DCS was unable to find confirmation of him having formally completed treatment." "It was suggested" by DCS that Todd get an evaluation and complete treatment. Todd underwent an evaluation, and "the evaluator noted that there was nothing indicated that would

warrant the need for treatment specifically to address sexual deviancy." The assessment concluded on this point as follows: "Mr. Todd has not completed a 'treatment program' but has been assessed . . . to not need treatment specifically focusing on his past sexually acting out behavior at this time."

The matter proceeded to hearing, at which Michael Schreck, the treatment services manager for DCS, testified. As to the SOTP requirement contained in section 692A.128(2)(b), based on the information he gathered, he decided to "leave that up to the court's discretion to determine" whether the requirement was satisfied. At the conclusion of the hearing, Todd's counsel argued being evaluated with no ensuing recommendation for completion of a SOTP satisfied the statute. The State argued the statute was not satisfied. The State alternatively argued the court should, based on Todd's criminal history, exercise its discretion under section 692A.128A(5) and (6) and deny modification. In its ensuing brief, the State argued the DOC permissibly acted within its discretion in requiring Todd to participate in a SOTP. Todd responded he was never required to participate in treatment. In its ensuing order, the court concluded a SOTP had been required of Todd but not completed. So the court denied Todd's modification application, and Todd appealed.

Following the filing of Todd's notice of appeal, our supreme court, on its own motion, directed Todd to file a statement addressing "whether he has a right of appeal from the challenged order and/or whether review is by some other means" and, if invoking appellate jurisdiction by some other means, file a statement in support of such a request. In his ensuing statement, Todd argued the court's order denying his application amounted to a sentencing order so he was appealing as a

matter of right. *See* Iowa Code § 814.6(1)(a). The State responded the application amounted to a motion to correct an illegal sentence, the only avenues for appellate jurisdiction of the same are discretionary review under section 814.6(2)(e) or petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107(1)(a), and Todd was not requesting either appropriate avenue. The supreme court ordered

> the issue of whether the appellant has a right of appeal or whether review is by discretionary review or by writ of certiorari . . . shall be submitted with the appeal. The parties shall brief the issue regarding the proper form of review, in addition to any other issues the parties with to raise.

## II.    Standard of Review

"[A] 'court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it.'" *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) (citation omitted). "[I]f a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action." *Id.*

"Under Iowa Code section 692A.128 a district court may consider modification of a sex offender's registry requirement when certain mandatory criteria are met. Determining whether the mandatory criteria are met and any other questions of interpretation of section 692A.128 are reviewed for correction of errors at law." *Becher v. State*, 957 N.W.2d 710, 714 (Iowa 2021); *accord Fortune v. State*, 957 N.W.2d 696, 702–03 (Iowa 2021).

## III.    Analysis

### A.    Jurisdiction

While the State has followed the supreme court's direction to brief the issue of jurisdiction on appeal, Todd has not.  Despite this failure, we have a responsibility to police our jurisdiction.  *Bribriesco-Ledger v. Klipsch*, 957 N.W.2d 646, 649 (2021).  We proceed to the issue.

First, we disagree with Todd's assertion in his pre-submission filing that the order denying his application is appealable as a matter of right as a final judgment of sentence; the order was not a judgment, it was a decision denying the application.  *See Propps*, 897 N.W.2d at 96.[3]

The State argues, while the code is unclear, the statute "contemplates that section 692A.128 modification proceedings be filed and conducted independently from an offender's case of conviction" in "an original civil action."  But the State recognizes the statute confers *jurisdiction* on the district court to consider modification, and the issue of whether *authority* to consider the same lies in the criminal or civil court was not raised below.  *See Van Sloun v. Agan Bros., Inc.*, 778 N.W.2d 174, 183 (Iowa 2010) ("[A] court's lack of authority to hear a particular matter may be waived if it is not raised below, whereas an absence of subject matter jurisdiction may be raised . . . at any time.").[4]

---

[3] Assuming the application was a motion to correct (really modify) a sentence, as the State frames it, the proper procedure for invoking appellate jurisdiction to challenge the same would have been through an application for discretionary review or petition for writ of certiorari.  *Propps*, 897 N.W.2d at 96–97.  So the order was not appealable as a matter of right.

[4] Section 692A.128(1) simply requires applications for modification to be filed in the district court, and the "provision grants the district court authority to modify registration obligations if certain conditions are met."  *State v. Iowa Dist. Ct.*, 843

In any event, the State goes on to concede, "because Todd's claim is in essence that the district court exceeded its jurisdiction or otherwise acted illegally in denying his motion for modification," he was allowed to commence an original certiorari action in the supreme court, and we may choose to address his notice of appeal as a petition for writ of certiorari. *See* Iowa Rs. App. P. 6.107(1)(a), .108; *Propps*, 897 N.W.2d at 97. We agree. So we treat Todd's notice of appeal and brief as a petition for writ of certiorari, we grant the writ, and we proceed to the merits. *See Propps*, 897 N.W.2d at 97.

B.      Merits

On appeal, Todd simply argues the court erred in concluding he failed to complete a "required" SOTP. The claim is that the court committed legal error in interpreting the statute. Among other criteria, in order for a sex offender to qualify for modification of his or her registration requirement, "[t]he sex offender [must have] completed all [SOTP]s *that have been required*." Iowa Code § 692A.128(1), (2)(b) (emphasis added).

Here, Todd's 1998 sentence required him to register as a sex offender, but it did not require him to participate in a SOTP. Todd discharged his sentence and was released from prison in 2002. The notice of release issued by the DOC also did not note a requirement that Todd complete a SOTP. The assessment

---

N.W.2d 76, 77 (Iowa 2014). While the issue of whether authority to consider modification lies in the criminal court or civil court has been waived by the State, it appears other applicants have pursued modification by initiating an original civil action, *see, e.g.*, *Becher*, 957 N.W.2d at 712; *Fortune*, 957 N.W.2d at 700, while other applications have been filed and heard in the underlying criminal proceeding. *See, e.g.*, *Iowa Dist. Ct.*, 843 N.W.2d at 78–79; *State v. Wallace*, No. 15-1448, 2016 WL 6636681, at *1–2 (Iowa Ct. App. Nov. 9, 2016).

completed in conjunction with Todd's modification proceeding only disclosed he was variously "recommended" to participate in a treatment program prior to his discharge and release. Similarly in 2019, DCS merely "suggested" that Todd undergo a sex offender treatment evaluation and treatment. Todd underwent an evaluation but was assessed to not need treatment.

To determine whether Todd qualifies for modification, we find it necessary to engage in statutory interpretation. "We start with the often-repeated goal of statutory interpretation which is to discover the true intention of the legislature." *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003). The "first step in ascertaining the true intention of the legislature is to look to the statute's language." *Id.* "If the statute is unambiguous, we look no further than the statute's express language." *Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 223 (Iowa 2014) (quoting *Rolfe State Bank v. Gunderson*, 794 N.W.2d 561, 564 (Iowa 2011)). "If, however, the statute is ambiguous, we inquire further to determine the legislature's intent in promulgating the statute." *Id.* "A statute is ambiguous when reasonable minds could disagree as to its meaning." *Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 261 (Iowa 2010).

The State invites us to go beyond the plain language of the statute, noting that "the purpose of Iowa Code chapter 692A is clear: 'to require registration of sex offenders and thereby protect society from those who because of probation, parole, or other release are given access to members of the public.'" But we find the relevant and operative language of the statute—"required"— to be clear and unambiguous, so "we look no further than the statute's express language." *Kay-Decker*, 857 N.W.2d at 223 (quoting *Gunderson*, 794 N.W.2d at 564).

The State goes on to argue: "Substantial evidence in the record did support the district court's findings that the [DOC] in fact required Todd to complete [treatment] and that to date, Todd has repeatedly refused to participate in that and any other sex offender treatment programming." The State highlights Schreck's testimony that, based on his assessment of the reports noted in his assessment, the DOC required Todd to complete a SOTP. But the highlighted reports only note completion of a SOTP was merely "recommended." At the hearing on Todd's application, during the State's cross-examination of Schreck, the following exchange occurred:

> Q: On or about March 11th of 1998 he was ordered to serve a ten-year prison term? A: That's correct.
> Q: And he was ordered to complete sex offender treatment. Is that a yes? A: *Yes, it is, based on that report. Yes, that's what it says.*
> Q: And in your report it looks like there's a number of times where the [DOC] tries to engage Mr. Todd in completion of that requirement.
> [objection by defense, which was overruled.]
> Q: Mr. Schreck, it looks like, at least in your report, you document a number of instances where Mr. Todd is offered these services and he refuses, correct? A: That's correct. I was provided access to the prison records and these are reflections of those records.
> Q: And at least in these reflection of the records, there's two or three instances where the [DOC] tries to engage him in those services? A: That's based on the information, that's correct.
> Q: And he continually refuses to comply? A: In the incidents that are cited, Mr. Todd refused each time.

(Emphasis added.) In oral argument, the State argued Schreck's reference to a report was to a phantom order for SOTP in Todd's prison file, which is not part of the record. We disagree with that interpretation of the testimony. Our review discloses Schreck's reference to a report was to his assessment, not some rogue order as the State suggests. This is further illuminated by the fact that the State

went on to question Schreck about his report and the various times Todd was engaged about participating in SOTP. So a review of the assessment discloses Schreck's affirmative answer when questioned whether Todd was "required" to complete SOTP was an incorrect mischaracterization of the contents of the assessment. As noted, the assessment only disclosed Todd was merely "recommended" and "suggested" to complete SOTP. We reject the State's characterization of the evidence.

So the question before us is whether the terms "recommend" or "suggest" have the same plain meaning as "require." We summarily answer that question in the negative. *Compare Recommend*, Merriam-Webster, https://www.merriam-webster.com/dictionary/recommend ("To *suggest* an act or course of action." (emphasis added)), *and Suggest*, Merriam-Webster, https://www.merriam-webster.com/dictionary/suggest ("To mention or imply as a possibility."), *with Require*, Merriam-Webster, https://www.merriam-webster.com/dictionary/require ("To demand as necessary or essential."). Nor did the DCS's post-discharge "suggestion" that Todd complete treatment amount to a requirement. The record before us does not show the DOC documented a requirement Todd undergo a SOTP.

At the end of the day, there is not substantial evidence Todd was ever "required" to complete any sex offender treatment programming. Because no such programming was required section 692A.128(2)(b) was satisfied,[5] and the district

---

[5] We are troubled that the parties neither briefed nor raised at oral arguments the issue of legal authority for the State's position that Todd could be required to complete a SOTP. If his sentence was classified as a "Category 'A' sentence" at the time he served his sentence, he could have earned a reduction of sentence if

court erred in denying Todd's application for modification for want of satisfaction of that criteria based on a mere recommendation he complete a SOTP.[6]

## IV.    Conclusion

We sustain the writ of certiorari, and we remand the matter to the district court to exercise its discretion under section 692A.128(5) and (6) in determining whether to grant modification.  *See Becher*, 957 N.W.2d at 714 (noting a discretionary decision on whether to grant modification follows a determination that the criteria for modification are met); *Fortune*, 957 N.W.2d at 703 (same).

---

he participated satisfactorily in a SOTP.  Iowa Code § 903A.2(1)(a)(4) (1998).  The board of parole recommended he complete a SOTP, which we believe would have made him eligible for parole earlier.  Todd did not complete a SOTP and was not granted parole, but he served his sentence and was discharged by the DOC.  Thus, the authority of the board of parole and DOC expired as to his sex offense.  At the time of his discharge in 2002, Todd was, however, required to comply with sex offender registry requirements and subsequent changes in registry requirements.  *See generally id.* § 692A.2.

In 2005, the legislature adopted Iowa Code section 903B.1, which required a special sentence, including conditions of parole and compliance with rules.  2005 Iowa Acts, ch. 158, § 39.  Section 903B.1 does not apply to Todd because it was adopted after he was sentenced and had, in fact, discharged his sentence.  In 2009, the legislature later amended Iowa Code chapter 692A and added section 692A.128, as set forth in this opinion.  2009 Iowa Acts ch. 119, § 28.  The interplay between section 903B.1 and section 692A.128 provides statutory authority for requiring a SOTP for post-incarcerated sex offenders as a precondition to seeking modification of sex offender registry requirements.  Because he had discharged his sentence prior to passage of section 903B.1, and that section does not apply to Todd, we find no such statutory or regulatory authority for the DOC or anyone else to require Todd complete a SOTP after he discharged his sentence in 2002.  The section 692A.128(2)(b) provision that the offender must have completed all SOTPs "that have been required" cannot apply to Todd because (1) any authority the DOC or BOP had to require him to complete SOTP had expired, and (2) he is not subject to section 903B.1 parole requirements.  From and after the passage of section 692A.128, there has been no legal authority for anyone to "require" Todd to complete SOTP.

[6] The criteria contained in section 692A.128(2)(a) and (d) are clearly satisfied.  The requirement contained in section 692A.128(2)(e) does not apply.  As to the requirement contained in section 692A.128(2)(c), the court specifically found the risk assessment classified Todd as being at a low risk to reoffend.

**WRIT SUSTAINED AND REMANDED WITH DIRECTIONS.**

Doyle, P.J., concurs; May, J., dissents.

**MAY, Judge** (dissenting).

The question here is whether the district court erred in determining Hubert Todd had been required to complete a sex-offender treatment program (SOTP). We review this factual determination "for substantial evidence." *State v. Wallace*, No. 15-1448, 2016 WL 6636681, at *2 (Iowa Ct. App. Nov. 9, 2016) (concluding we review "the underlying fact findings for substantial evidence"). "Substantial evidence review is a deferential standard of review; the question is not whether the evidence supports a different finding but whether the evidence supports the finding actually made." *State v. Smith*, 926 N.W.2d 760, 762 (Iowa 2019). Here, the First Judicial District Department of Correctional Services treatment services manager Mike Schreck testified *without objection* that Todd had been ordered to complete SOTP. In my view, this sworn testimony constitutes substantial evidence to support the district court's finding that Todd had been required to complete SOTP. Accordingly, I would affirm. I respectfully dissent.